968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jim PRARTNADI, Plaintiff-Appellant,
v.
MARRIOTT CORPORATION; Host International, Defendants-Appellees.
 No. 91-55425.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jim Prartnadi appeals the district court's summary judgment in favor of defendants Marriott Corporation and Host International ("Host") in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Prartnadi contends that genuine issues of material fact existed as to whether Host discriminated against him based on his national origin (Thai). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir.1987). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether "there remains any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law." Id.
 
 
 4
 To prevail in a Title VII disparate treatment case, Prartnadi must show that he was "singled out and treated less favorably than others similarly situated on account of race...." See Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 537 (9th Cir.1982). The plaintiff bears the initial burden of establishing a prima facie case of discrimination to create a genuine issue of material fact sufficient to foreclose summary judgment. Pejic v. Hughes Helicopter, 840 F.2d 667, 672 (9th Cir.1988); Diaz v. American Telephone & Telegraph, 752 F.2d 1356, 1358 (9th Cir.1985). The plaintiff must produce a preponderance of evidence supporting an inference of intentional discrimination. Fragante v. City and County of Honolulu, 888 F.2d 591, 595 (9th Cir.1989), cert. denied, 494 U.S. 1081 (1990); Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of discrimination, with no concrete, relevant particulars, will not bar summary judgment").
 
 
 5
 Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to "rebut the presumption of discrimination by 'articulating some legitimate, nondiscriminatory reason' for the adverse action." Fragante, 888 F.2d at 595 (citation omitted). The plaintiff then has the burden to show that the defendant's proffered reason is a pretext for invidious discrimination. Id.
 
 
 6
 Here, on March 31, 1989, Prartnadi admittedly collected money from customers and failed to record the transactions immediately on his cash register. On April 7, 1989, Prartnadi received a Notice of Disciplinary Action explaining that his actions violated published company cash handling rules, and that he was suspended from work for three days.[1] On May 19, 1989, Prartnadi's "cash box" was found unattended, in violation of Host's cash handling rules. Prartnadi received a Notice of Disciplinary Action the next day and was terminated on May 26, 1989.[2]
 
 
 7
 Host presented evidence indicating that three white employees were terminated for failing to record sales on their cash registers, and that two non-Asian employees were terminated for leaving their "cash boxes" unattended. In addition to his own declaration, Prartnadi introduced the declaration of a former Host employee claiming, without factual support, that Host favored white employees. Nevertheless, aside from these conclusory statements, Prartnadi failed to introduce evidence sufficient to show that his termination was based on his national origin. See Forsberg, 840 F.2d at 1419.
 
 
 8
 There is nothing to suggest that Host's action was based on anything other than Prartnadi's substandard job performance. See id. Therefore, the district court did not err by concluding that Prartnadi failed to establish a prima facie case of discrimination and properly granted summary judgment. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prartnadi was given a copy of Host's cash handling rules on October 12, 1985, which he read and signed
 
 
 [2]
 Host's disciplinary rules provide that if an employee has been suspended, "any offense within a two year period warranting a written warning will result in termination."